Johnson, J.
delivered the opinion of the Court.
The argument in this case was predicated on a supposition, that it was necessary to the conviction of the defendant, to take that part of his confession only, which operated against him, inasmuch, as it appeared, that he committed the assault and imprisonment under the authority of a J ustice’s warrant, and that there had been a violation of that rule of law which requires, that that the whole of a party’s confessions should be taken together. This is undoubtedly a correct rule; but it does not appear, that it has been violated by the conviction. The defence, however, if allowed, would be a violation of it, for it seeks the exclusion of that which makes against, and insists on that only, which goes to exculpate him. ff his confession had gone no further than to ad *422 mit, that he acted only in the discharge of his ’ J . . duty as a constable, under a magistrate’s warrant, surely the conviction would have been wrong; ^ ° it went further, the charge against these men was founded in the basest falsehood, fabricated by the defendant, for the nefarious purpose of enslaving them for life, in which it is feared he has been but too successful, with a view, to use his own language, “ to make money of them.” Nor do I think that the argument, that the defendant ought not to be convicted, unless the persons injured had complained, is better founded. It is true, that the injured party may complain, but it is equally true, that it is the right of any individual, nay, a duty which they owe to the community, to bring to justice those who violate the laws. I am of opinion, that the conviction was right, and that a new trial ought not to be granted.
J. B. White, for the motion.
Richardson, Attorney General, contra.
The other J udges concurred.